**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Case No. 26-cv-02117-NYW

DANIEL O. MORENO LUJAN,

      Petitioner,

v.

JUAN BALTAZAR,
GEORGE VALDEZ,
DAVID VENTURELLA, and
TODD BLANCHE,

      Respondents.[1]

_____

**MEMORANDUM OPINION AND ORDER**
_____

This matter is before the Court on the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition").  [Doc. 6].  Respondents filed a consolidated response in opposition.  [Doc. 15].  For the reasons set forth below, the Petition is **GRANTED in part**.

**BACKGROUND**

Petitioner Daniel O. Moreno Lujan ("Petitioner" or "Mr. Moreno Lujan") is a citizen of Mexico who arrived in the United States without admission or parole and has lived in the United States for more than 25 years.  [Doc. 6 at 5; Doc. 15-2 at ¶¶ 4, 5].  U.S. Immigration and Customs Enforcement ("ICE") took him into custody on August 19, 2025.  [Doc. 15-2 at ¶ 8].  He is currently detained at an ICE detention facility in this District.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), George Valdez is automatically substituted for Kelei Walker as a Respondent, and David Venturella is automatically substituted for Todd Lyons as a Respondent.

[Doc. 6 at 1, 5; Doc. 15-2 at ¶ 14].

Respondents purport to detain Mr. Moreno Lujan under 8 U.S.C. § 1225(b). [Doc. 15 at 2]. Petitioner disputes Respondents' interpretation of § 1225(b) and contends he is actually detained under 8 U.S.C. § 1226(a), which would entitle him to a bond hearing. [Doc. 6 at 5].[2] Mr. Moreno Lujan also argues his detention has become unconstitutionally prolonged and violates his due process rights under the Fifth Amendment. [*Id.* at 2]. Mr. Moreno Lujan seeks a writ of habeas corpus ordering that he be released from custody. [*Id.* at 4].

This matter is ripe for disposition.[3] No Party has requested an evidentiary hearing or oral argument, and the Court finds that no hearing is necessary. *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sept. 16, 2025) (declining to hold a hearing where the petitioner's habeas challenge was "fundamentally legal in nature").

## LEGAL STANDARD

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484

---

[2] In asserting this claim, Petitioner invokes double jeopardy principles. *See* [Doc. 6 at 5–6]. The Court need not address any double jeopardy argument to grant the requested relief.

[3] The Court ordered that Petitioner could file a reply brief no later than 21 days after Respondents filed their response brief. [Doc. 11]. Although the Court has not received a reply brief from Petitioner, the Court finds that it can rule on the Petition.

(1973).  "Challenges to immigration detention are properly brought directly through habeas."  *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## ANALYSIS

In his second claim, Petitioner asserts that he is "entitled to a bond hearing under" *Maldonado Bautista v. Santacruz*, 813 F. Supp. 3d 1084 (C.D. Cal. 2025), "because [he] entered without inspection and was not apprehended at border," so he is "detained under 8 U.S.C 1226(a) not 8 U.S.C 1225(b)."  [Doc. 6 at 5].  The Court construes this as an assertion that his detention without a bond hearing violates the Immigration and Nationality Act ("INA").  Petitioner's claim primarily turns on whether Respondents may detain him pursuant to § 1225(b)(2)(A), such that he is not entitled to a bond hearing under § 1226(a).  The Court summarizes the statutory framework before turning to the Parties' arguments.

## I.    Statutory Framework

Sections 1225 and 1226 govern detention of noncitizens prior to a final order of removal.  *See Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018).  Section 1226 "sets forth 'the default rule' for detaining noncitizens 'already present in the United States.'"  *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382-MSN-WEF, 2025 WL 2783800, at *5 (E.D. Va. Sept. 30, 2025) (quoting *Jennings*, 583 U.S. at 303).  This section permits, but does not require, the Attorney General to detain noncitizens pending removal proceedings, subject to certain exceptions not applicable here.  *Jennings*, 583 U.S. at 303; 8 U.S.C. § 1226(a)(1)–(2) (the Attorney General "*may* continue to detain" or "*may* release" the noncitizen (emphasis added)).  Section 1226(a) thus establishes a discretionary framework for the

detention of noncitizens pending removal proceedings.

Section 1225(b) "supplement[s] § 1226's detention scheme." *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1246 (W.D. Wash. 2025) (quoting *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022)). Section 1225(b) "applies primarily to [noncitizens] seeking entry into the United States," i.e., "applicants for admission." *Jennings*, 583 U.S. at 297. This section provides, in relevant part, that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien *shall* be detained" pending removal proceedings. 8 U.S.C. § 1225(b)(2)(A) (emphasis added).[4] Under § 1225(a)(1), an "applicant for admission" is

> An alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been interdicted in international or United States waters).

The Tenth Circuit has explained that "[t]he only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border." *Santillan Quiroz v. Mullin*, --- F. 4th ----, 2026 WL 1876709, at *7 (10th Cir. June 30, 2026). "Since § 1225(b)(2)(A) applies only to those seeking admission," the Tenth Circuit has concluded that "§ 1225(b)(2)(A)'s application is limited to the border." *Id.* at *7–8.

---

[4] Under 8 U.S.C. § 1225(b)(1), "certain applicants for admission who are deemed inadmissible are subject to expedited removal, unless they express a fear of persecution or an intent to apply for asylum." *Guerrero Orellana v. Moniz*, 802 F. Supp. 3d 297, 304 (D. Mass. Oct. 3, 2025), *appeal docketed*, No. 25-2152 (1st Cir. Dec. 3, 2025); *see also* 8 U.S.C. § 1225(b)(1)(A)(i) (directing an immigration officer to "order [a person deemed inadmissible] removed from the United States without further hearing or review unless [the person] indicates either an intention to apply for asylum . . . or a fear of persecution"). Respondents do not argue that Petitioner is detained pursuant to § 1225(b)(1), *see* [Doc. 15], so the Court does not substantively address detention under this subsection.

Absent an exception for urgent humanitarian reasons not implicated in this case, "detention under § 1225(b)(2) is considered mandatory," and "[i]ndividuals detained under § 1225 are not entitled to a bond hearing." *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 484 (S.D.N.Y. 2025) (citing *Jennings*, 583 U.S. at 297).

## II.    Application to Petitioner's Statutory Claim

The Court's analysis begins with the statutory authority for Mr. Moreno Lujan's detention.  Respondents argue that § 1225(b)(2)(A) applies and requires Petitioner's detention, so he is not entitled to a bond hearing.  *See* [Doc. 15 at 2].  However, the Tenth Circuit recently rejected Respondents' position.  *See Santillan Quiroz*, 2026 WL 1876709. In *Santillan Quiroz*, the Tenth Circuit reversed the denial of a similar habeas petition filed by a noncitizen who had resided in the United States for nearly 20 years before he was detained by ICE during a traffic stop.  *Id.* at *1–2.  As with Mr. Moreno Lujan, the Government did not provide the petitioner in *Santillan Quiroz* with a bond hearing because it claimed that § 1225 mandated his detention.  *See id.* at *2.  The district court agreed with the Government, *id.* at *1, but the Tenth Circuit reversed this determination, holding that because the petitioner was already residing in the United States and "ha[d] no present request for lawful entry pending," he was "not seeking admission" as required by § 1225, *id.* at *5–7.

The Tenth Circuit reasoned that the *Santillan Quiroz* petitioner and those similarly situated to him, i.e. "those who entered the United States without admission and who have lived here since," "are categorically unable to seek admission while they remain in the country." *Id.* at *7.  After all, "[a] person cannot make a present request for permission to enter the United States, lawfully or otherwise, once he or she has already entered." *Id.*

Thus, the Tenth Circuit concluded that "[t]he only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border." *Id.*; *see also id.* ("Since § 1225(b)(2)(A) applies only to those seeking admission, § 1225(b)(2)(A) is likewise limited to the border."). Because the petitioner in *Santillan Quiroz* had been residing in the United States for years before he was detained, he was not seeking admission and could not be detained under § 1225. *Id.*

Instead, the petitioner in *Santillan Quiroz* was subject to detention under § 1226(a). *Id.* at *17 n.13; *see also id.* at *5 (holding that "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)"). In accordance with § 1226(a), the Tenth Circuit ruled that on remand, the district court must order the Government to "either provide [the petitioner] with a bond hearing or else release him." *Id.* at *17 n.13.

The Tenth Circuit's analysis and holding in *Santillan Quiroz* controls this case. Because Mr. Moreno Lujan had been residing in the United States for many years when he was detained, the Court concludes that § 1225(b)(2)(A) does not authorize Respondents' detention of him. Rather, Mr. Moreno Lujan's detention is governed by § 1226(a).[5] Because he has not been given the bond hearing to which he is statutorily entitled,[6] his present detention violates the INA.

---

[5] Respondents acknowledge that the issue presented in this case "is not materially different" than *Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650 (D. Colo. Oct. 22, 2025), *see* [Doc. 15 at 2], where this Court held that a noncitizen who had been residing in the United States for years before he was detained could not be subject to § 1225(b)(2)(A)'s mandatory detention provision and instead was detained under § 1226(a), *see* 2025 WL 2977650 at *6–7.

[6] The Court construes Petitioner's Petition to argue that he has not been given a bond hearing. *See, e.g.,* [Doc. 6 at 5 (stating that he was denied bond on the basis that the immigration judge lacked jurisdiction to grant a bond)]. Respondents do not contend that

The Court **GRANTS** the Petition as to Mr. Moreno Lujan's statutory claim. As a result of this ruling, the Court need not reach Mr. Moreno Lujan's due process claim.

### III.    Appropriate Remedy

Mr. Moreno Lujan asks the Court order him immediately released. [Doc. 6 at 4]. But § 1226(a) "does not require release—it provides DHS the discretion to grant an alien release on bond." *Nava Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643, at *8 (D. Colo. Oct. 24, 2025); *see also Santillan Quiroz*, 2026 WL 1876709, at *17 n.13 (instructing the district court on remand only to order the Government to provide the petitioner with a bond hearing or else release him). This Court has previously held that a bond hearing before an immigration judge is sufficient to vindicate the procedural protections afforded by § 1226(a). *See, e.g.*, *Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650, at *9 (D. Colo. Oct. 22, 2025); *Briales-Zuniga v. Baltazar*, No. 25-cv-03439-NYW, 2026 WL 35227, at *4 (D. Colo. Jan. 6, 2026). As in those cases, the Court finds that an immigration judge is better suited than this Court to conduct the hearing and consider whether Mr. Moreno Lujan poses a flight risk or danger to the community.

While neither Party addresses the issue, the Court has also held that for petitioners like Mr. Moreno Lujan—who were erroneously subjected to mandatory detention under § 1225(b)(2)—due process requires that the burden of proof at the bond hearing be borne by the Government. *See, e.g.*, *Diaz Lopez v. Noem*, No. 25-cv-04089-NYW, 2026 WL 206220, at *5 (D. Colo. Jan. 27, 2025) (addressing the issue absent substantive briefing

---

Petitioner has received a bond hearing. *See* [Doc. 15]. Instead, they assert that if the Court finds that § 1226(a) governs Petitioner's detention, the Court "direct that a bond hearing be conducted pursuant to § 1226(a) before an immigration judge." [*Id.* at 4].

from the parties); *Martinez Escobar v. Baltazar*, No. 26-cv-00296-NYW, 2026 WL 503313, at *5 (D. Colo. Feb. 24, 2026) (similar); *Garcia Abanil v. Baltazar*, 817 F. Supp. 3d 1148, 1159 (D. Colo. 2026) ("[T]he weight of authority in this District is clear:  it is the Government's burden to justify a noncitizen's continued detention at a bond hearing." (cleaned up) (collecting cases)); *cf. Santillan Quiroz*, 2026 WL 1876709, at *16 ("Due process requires that, whenever the Government detains somebody, it must have a good reason for doing so. If the detention is civil and nonpunitive, like the immigration detention here, that reason must rise to the level of a 'strong special justification.'" (quoting *Zadvydas*, 533 U.S. at 690)).  The Court further concurs with the decisions concluding that "the clear and convincing standard that generally applies to civil detention where liberty is at stake is appropriate here as well."  *Arredondo v. Baltazar*, No. 25-cv-03040-RBJ, 2025 WL 4083607, at *4 (D. Colo. Oct. 31, 2025) (quotation omitted); *see also Martinez Escobar*, 2026 WL 503313, at *5 (collecting cases).

Accordingly, Respondents are **ORDERED** to provide Petitioner a bond hearing on or before **July 20, 2026**.  At this hearing, the Government shall bear the burden of proving, by clear and convincing evidence, that Petitioner's continued detention is justified.  **If Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, he must be immediately released from detention.**  Respondents shall file a status report on or before **July 27, 2026** concerning (1) the results of any bond hearing that was conducted or, if no hearing was held, advise the Court of the date Petitioner was released from custody; and (2) whether any additional proceedings in this matter are required.

## CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that:

(1)    The Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 6] is **GRANTED in part**;

(2)    Respondents shall provide Petitioner a bond hearing on or before **July 20, 2026**.  At the bond hearing, the Government shall bear the burden of proving, by clear and convincing evidence, that Petitioner's continued detention is justified.  **If Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention**;

(3)    On or before **July 27, 2026**, Respondents shall file a status report concerning (1) the results of any bond hearing that was conducted or, if no hearing was held, the date Petitioner was released from custody; and (2) whether any additional proceedings in this matter are required; and

(4)    A copy of this Order shall be mailed to:

Daniel O. Moreno Lujan
#207-820-704
ICE Aurora Contract Detention Facility
3130 North Oakland Street
Aurora, CO 80010

DATED:  July 13, 2026

BY THE COURT

_____
Nina Y. Wang
United States District Judge