**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Case No. 26-cv-02117-NYW

DANIEL O. MORENO LUJAN,

Petitioner,

v.

JUAN BALTAZAR,
NATHAN RASPER,[1]
DAVID VENTURELLA, and
TODD BLANCHE,

Respondents.

---

## ORDER

---

This matter is before the Court on Petitioner's Motion to Enforce (the "Motion" or "Motion to Enforce"). [Doc. 21]. Respondents have filed a response in opposition. [Doc. 22]. Petitioner has not replied, and the time to do so has elapsed. For the reasons set forth below, the Motion is respectfully **DENIED**.

## BACKGROUND

Petitioner Daniel O. Moreno Lujan ("Petitioner" or "Mr. Moreno Lujan") is a citizen of Mexico who arrived in the United States without admission or parole and has lived in the United States for more than 25 years. [Doc. 6 at 5; Doc. 15-2 at ¶¶ 4, 5]. U.S. Immigration and Customs Enforcement ("ICE") took him into custody on August 19, 2025. [Doc. 15-2 at ¶ 8]. On June 8, 2026, Petitioner filed a pro se application for a Writ of

---

[1] Pursuant to Rule 25(d), Nathan Rasper is substituted in as the current officeholder.

Habeas Corpus Pursuant to 28 U.S.C. § 2241, challenging the legality of his detention. *See* [Doc. 6]. This Court granted the Petition in part on July 13, 2026, ordering a bond hearing pursuant to 8 U.S.C. § 1226(a). [Doc. 17 at 6–8]. The Court further ordered that "[a]t this [bond] hearing, the Government shall bear the burden of proving, by clear and convincing evidence, that Petitioner's continued detention is justified." [*Id.* at 8].

After a bond hearing, the immigration judge ("IJ") denied bond. [Doc. 22-1 at 4]. In the written order, the IJ noted the standard of proof identified in this Court's order. [*Id.* at 4]. She then explained:

> DHS filed a Form I-213,[2] Record for Deportable/Inadmissible Alien, (I-213) indicating that [Petitioner] has a 2025 charge for Driving Under the Influence-Alcohol as well as a deferred sentence for 2023 conviction for Driving Under the Influence-Alcohol. Exh. 2. [Petitioner] also testified to these two alcohol-related driving offenses. Based on [Petitioner]'s multiple recent alcohol-related driving offenses, the Court Finds DHS has met its burden to establish that [Petitioner] is a danger. *See Matter of Siniauskas*, 27 I&N Dec. 207, 208 (BIA 2018) . . . Thus, the Court concludes that DHS has established that [Petitioner]'s ongoing detention is justified because his release would pose a danger to persons or property.

[*Id.* at 5 (footnote added)]. The IJ also alternatively found that DHS had established that Petitioner was a flight risk because he was appealing the order of removal entered against him. [*Id.*].

Respondents filed a status report on July 27, 2026, and the next day Court denied Petitioner's remaining claims and entered final judgment. [Doc. 18; Doc. 19; Doc. 20].

On September 21, 2026, Petitioner filed a Motion to Enforce, asserting that "immigration courts are not conducting fair bond hearings." [Doc. 21 at 1]. He notes that

---

[2] A Form I-213 is "a standard government form that documents biographical and factual information about a deportable or inadmissible alien." *Garcia-Aguilar v. Lynch*, 806 F.3d 671, 673 (1st Cir. 2015).

he keeps getting denied bond and asserts that he is "not a serious criminal . . . for having misdemeanor charge. I do not have any criminal convictions my 2021 DUI was dismissed after I completed rehabilitation and my 2025 charges are pending and I intend to fight them." [*Id.*]. He states that anyone appealing their immigration cases are denied bond "because they are all considered flight risk." [*Id.*]. He argues that his rights are still being violated. [*Id.*].

Respondents filed a response, arguing that they complied with the Court's order, federal law bars Petitioner's challenge, and Petitioner's challenge is unexhausted. [Doc. 22 at 1].[3] Respondents provided the IJ's written order denying bond. *See* [Doc. 22-1].

**ANALYSIS**

"Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose . . . submission to their lawful mandates." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (quoting *Anderson v. Dunn*, 19 U.S. 204, 227 (1821)). Respondents acknowledge that the Court "has inherent authority to ensure that its orders are carried out." [Doc. 22 at 4].

In exercising this authority, the Court emphasizes that the scope of its review is limited. The INA provides that "[t]he Attorney General's discretionary judgment regarding the application of [§ 1226] shall not be subject to review" and "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention

[3] Although Respondents argue that the Court should deny the Motion because Petitioner has not exhausted his administrative remedies, administrative exhaustion is not mandatory in this context, and this Court has declined to require exhaustion where a noncitizen asserts a constitutional error in a court-ordered bond hearing. *See Lara Mejia v. Baltazar*, No. 26-cv-00385-NYW-TPO, 2026 WL 1361514, at *4 (D. Colo. May 15, 2026).

of any alien or the revocation or denial of bond or parole." 8 U.S.C. § 1226(e). Section 1226(e) thus "precludes an alien from challenging a discretionary judgment by the Attorney General or a decision that the Attorney General has made regarding his detention or release." *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018) (cleaned up). But "[w]hether [a petitioner] received the due process to which he was entitled 'is not a matter of discretion' and is subject to judicial review." *Velasco Lopez v. Decker*, 978 F.3d 842, 850 (2d Cir. 2020) (quoting *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001)). Accordingly, the Court's review of Mr. Singh's bond hearing "is limited to whether it satisfied due process or otherwise suffered some defect that rendered it noncompliant with" the Court's prior Order. *Trejo v. Bullock*, No. 3:26-cv-00047, 2026 WL 598391, at *2 (E.D. Tenn. Mar. 3, 2026); *see also, e.g.*, *Castillo v. Field Off. Dir.*, No. 25-cv-25296, 2025 WL 4689387, at *5 (S.D. Fla. Dec. 19, 2025) ("Courts have repeatedly concluded that § 1226(e) does not preclude challenges to the procedures used in custody determinations under § 1226." (collecting cases)). The Court cannot and does not reweigh the evidence or "serv[e] as an appellate court over [the] IJ's bond decision." *Quiroz Zacarias v. Mullin*, No. 26-cv-00574-WJM, 2026 WL 1092162, at *3 (D. Colo. Apr. 22, 2026).

Liberally construing Mr. Moreno Lujan's arguments, it appears that he is challenging both the IJ's determination that he is a flight risk and the determination that he is a danger to the community. Because detention may be justified based on flight risk *or* dangerousness, the Court limits its analysis to Petitioner's dangerousness arguments. *See Quinteros v. Warden Pike Cnty. Corr. Facility*, 784 F. App'x 75, 79 n.2 (3d Cir. 2019) (declining to address flight-risk argument because "a finding of either dangerousness or flight risk, alone, [is] enough to demonstrate the necessity of" detention). As to

dangerousness, Petitioner seemingly challenges whether his DUI offenses are sufficient to establish dangerousness. [Doc. 21 at 1].

Some courts have recognized that a noncitizen may show a constitutional error where "'the evidence itself could not—as a matter of law—have supported' the IJ's decision to deny bond." *Garcia v. Hyde*, 817 F. Supp. 3d 112, 126 (D.R.I. 2025) (quoting *Hechavarria v. Whitaker*, 358 F. Supp. 3d 227, 240 (W.D.N.Y. 2019)). "For a bond hearing to be fundamentally fair, any evidence relied upon by an IJ must be individualized and support a finding that continued detention is needed to prevent him from fleeing or harming the community." *Green v. Lowe*, No. 4:26-cv-01009, 2026 WL 2569005, at *4 (M.D. Pa. Aug. 31, 2026) (cleaned up).

Courts have held that a detainee's prior convictions alone "will not always be sufficient to justify denial of bond on the basis of dangerousness." *Salinas-Mondragon v. Chestnut*, No. 1:26-cv-00739-JLT-EPG, 2026 WL 2494845, at *2 (E.D. Cal. Aug. 25, 2026) (quotation omitted). *See, e.g.*, *Judulang v. Chertoff*, 562 F. Supp. 2d 1119, 1126–27 (S.D. Cal. 2008); *Calderon-Rodriguez v. Wilcox*, 374 F. Supp. 3d 1024, 1027 (W.D. Wash. 2019); *Rivera v. Valdez*, No. 26-cv-01765-NRN, 2026 WL 2137800, at *5 (D. Colo. July 23, 2026) (finding that the petitioner's convictions, "standing alone," could not establish dangerousness). Instead of cursorily relying on criminal history, the immigration judge must also consider the severity and recency of the petitioner's criminal conduct. *Calderon-Rodriguez*, 374 F. Supp. 3d at 1027; *Salinas-Mondragon*, 2026 WL 2494845, at *2.

But agency precedent permits an IJ to consider a broad swath of "probative and specific" evidence when making a bond determination. *See In re Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006) (setting out nine non-exclusive factors covering a noncitizen's ties to

the United States and immigration history, among other things). This list includes the detainee's "criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses." *Id.* The detainee's criminal history and the seriousness of his offenses are thus "facially valid considerations for a determination of dangerousness." *Green*, 2026 WL 2569005, at *5. The IJ has discretion to decide which factors to consider and how much weight each factor merits. *Guerra*, 24 I. & N. Dec. at 40. And of course, a habeas court "has no authority to encroach upon an IJ's discretionary weighing of the evidence." *Garcia*, 817 F. Supp. 3d at 126 (quoting *Diaz-Calderon v. Barr*, 535 F. Supp. 3d 669, 676 (E.D. Mich. 2020))

Here, the immigration judge considered more than just Petitioner's criminal history because she also noted the fact that he has multiple recent DUI offenses and that driving under the influence was a serious offense. *See* [Doc. 22-1 at 5]. In other words, it appears that the IJ considered the appropriate factors when denying bond, and the Court cannot second guess her weighing of the evidence. *R.G. v. Warden of the Golden State Annex Detention Facility*, No. 1:26-cv-03800-RLP, 2026 WL 2643075, at *3 (E.D. Cal. Sept. 8, 2026); 8 U.S.C. § 1226(e).

While Petitioner may wish that the IJ weighed the evidence differently, the Court concludes that the evidence relied on can support a denial of bond "as a matter of law." *Garcia*, 817 F. Supp. 3d at 126 (quotation omitted). And the Court lacks jurisdiction to review the IJ's discretionary determination that such evidence weighs heavily enough to satisfy the clear-and-convincing standard. *See* § 1226(e). Having satisfied itself that Petitioner's bond hearing complied with this Court's Order and the requirements of due process, the Court need not go further. The Motion to Enforce is respectfully **DENIED**.

## CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that:

(1) Petitioner's Motion to Enforce [Doc. 21] is **DENIED**; and

(2) A copy of this Order shall be sent to Petitioner at his address of record.

DATED: November 17, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge